Johnson, J.
delivered the opinion of the Court.
The plaintiffs did not make title in themselves to the locus in quo, but rested their right to recover, on their possession alone. It was therefore incumbent on them to prove a rightful joint possession in themselves : in which, after a careful review of the evidence, I am clearly of opinion there was an entire failure. It appears from the evidence, that William Myers entered into possession in January, 1828, but none of the witnesses speak of John Myers, the other plaintiff, as in any manner connected with that possession, nor is there before the Court any other evidence that he had any interest in it. He was, therefore, improperly joined in the action; for there is no rule of practice *307 better known, than that the joinder of parties plaintiffs, having no interest in the cause of action, is a good ground for a non-suit. 1 Ch. Pl. 54. Ib. 8.
Another view of this subject is equally decisive against the right of the plaintiffs to recover, under the circumstances before the Court. The defendant was himself in possession in the autumn preceding the entry of the plaintiffs, and planted the crop which he afterwards reaped and carried away, which is the trespass now complained of; and until the plaintiffs show, that they entered under rightful authority, they must, upon the very principle on which they rely to maintain this action, be regarded as trespassers on him. Having planted the crop, it may well be said that he was intitled to reap it, unless he had been ejected by the rightful owner, or by legal authority.
The question appears to me well illustrated by the case put by counsel. If a stranger enter my dwelling house, and eject me from it, and I afterwards re-enter and turn him out, may he maintain trespass against me 1 Clearly not. Every, one has a right to the possession of that which belongs to him, and may assume it whenever he can, if in so doing he commit no breach of the peace.
Motion refused.